## IN THE UNITED STATES BANKRUPTCY COURT
## DISTRICT OF COLORADO

```
----------------------------------------------------- x
In re:                                          :      Case No. 15-22848 JGR
                                                :
Atna Resources Inc., et al.¹                    :      Chapter 11
                                                :
                                                :      Jointly Administered Under
        Debtors.                                :       Case No.  15-22848
                                                :
----------------------------------------------------- x
```

### NOTICE OF FILING OF PROPOSED FINDINGS OF FACT, CONCLUSIONS OF LAW, AND ORDER UNDER SECTION 1129 OF THE BANKRUPTCY CODE AND BANKRUPTCY RULE 3020 CONFIRMING DEBTORS' JOINT CHAPTER 11 PLAN OF LIQUIDATION

**PLEASE TAKE NOTICE THAT** the above-captioned debtors and debtors in possession (collectively, the "Debtors") hereby submit their proposed *Findings of Fact, Conclusions of Law, and Order Under Section 1129 of the Bankruptcy Code and Bankruptcy Rule 3020 Confirming Debtors' Joint Chapter 11 Plan of Liquidation* (the "Proposed Confirmation Order"), attached hereto as **Exhibit 1**. The Debtors intend to present a form of order substantially similar to the Proposed Confirmation Order at the conclusion of the Confirmation Hearing (as defined in the Proposed Confirmation Order).

**PLEASE TAKE FURTHER NOTICE THAT** the Debtors reserve the right to amend, modify, or otherwise supplement the Proposed Confirmation Order, as they deem necessary or appropriate at any time prior to or at the Confirmation Hearing.

*[Signature Page to Follow]*

---

¹ The debtors and debtors in possession and their respective case numbers are: Atna Resources Inc. (15-22848); Canyon Resources Corporation (15-22849); CR Briggs Corporation (15-22850); CR Montana Corporation (15-22851); CR Kendall Corporation (15-22852); Atna Resources Ltd. (15-22853); Horizon Wyoming Uranium, Inc. (15-22854).

Dated: November 22, 2016

**SQUIRE PATTON BOGGS (US) LLP**

*/s/ Stephen D. Lerner*
Stephen D. Lerner
Elliot M. Smith
221 E. Fourth Street, Suite 2900
Cincinnati, Ohio 45202
Telephone: (513) 361-1200
Facsimile: (513) 361-1201

-and-

Nava Hazan
30 Rockefeller Plaza, 23rd Floor
New York, New York 10112
Telephone: (212) 872-9800
Facsimile: (212) 872-9815

**SQUIRE PATTON BOGGS (US) LLP**

Aaron A. Boschee (Colorado # 38675)
1801 California Street, Suite 4900
Denver, Colorado 80202
Telephone: (303) 830-1776
Facsimile: (302)  896-9239

*Counsel for the Debtors and Debtors in Possession*

# **EXHIBIT I**

Proposed Confirmation Order

## IN THE UNITED STATES BANKRUPTCY COURT
## DISTRICT OF COLORADO

--------------------------------------------------- x

In re:                           :     **Case No. 15-22848 JGR**

                                  :

**Atna Resources Inc.,** *et al.*[1]    :     **Chapter 11**

                                  :

                                  :     **Jointly Administered Under**

     **Debtors.**               :     **Case No.  15-22848**

                                  :

--------------------------------------------------- x

### [PROPOSED] FINDINGS OF FACT,
### CONCLUSIONS OF LAW, AND ORDER UNDER SECTION 1129 OF THE
### BANKRUPTCY CODE AND BANKRUPTCY RULE 3020
### <u>CONFIRMING DEBTORS' JOINT CHAPTER 11 PLAN OF LIQUIDATION</u>

### <u>RECITALS</u>

I.     On September 14, 2016, the Debtors filed the first version of the *Joint Chapter 11 Plan of Liquidation* [Docket Nos. 621, 674 and 701] (together with all exhibits and as further amended, modified, and supplemented, the "**Plan**") and the *Disclosure Statement for Joint Plan of Liquidation Under Chapter 11 of the Bankruptcy Code* [Docket Nos. 622, 675 and 701] (and as further amended, modified, and supplemented, the "**Disclosure Statement**").

II.     On October 19, 2016, the Bankruptcy Court entered an Order [Docket No. 680] (the "**Disclosure Statement Order**")[2] (a) approving the Disclosure Statement; (b) scheduling a hearing (the "**Confirmation Hearing**") on confirmation of the Plan for November 29, 2016; (c) approving the form and manner of notice of the Confirmation Hearing (the "**Confirmation Hearing Notice**"); and (d) establishing procedures for the solicitation and tabulation of votes to accept or reject the Plan, including, among other things, approval of (i) the form of ballots for

---

[1] The debtors and debtors in possession and their respective case numbers are: Atna Resources Inc. (15-22848); Canyon Resources Corporation (15-22849); CR Briggs Corporation (15-22850); CR Montana Corporation (15-22851); CR Kendall Corporation (15-22852); Atna Resources Ltd. (15-22853); Horizon Wyoming Uranium, Inc. (15-22854).

[2] Capitalized terms not otherwise defined herein shall have the meaning ascribed to them in the Plan, the Disclosure Statement or the Disclosure Statement Order, as applicable.

submitting votes on the Plan, (ii) the deadline for submission of such ballots, and (iii) the proposed solicitation packages to be distributed to creditors for solicitation of votes on the Plan.

III.     The following classes under the Plan are impaired and are designated to vote to accept or reject the Plan:  Class 4 (General Unsecured Claims Against Atna Resources Ltd.), Class 5 (General Unsecured Claims Against Canyon Resources Corporation), Class 6 (General Unsecured Claims Against CR Briggs Corporation), Class 7 (General Unsecured Claims Against CR Montana Corporation), Class 8 (General Unsecured Claims Against CR Kendall Corporation), and Class 9 (General Unsecured Claims Against Atna Resources Inc.) (collectively, the "**Voting Classes**").

IV.     As required by the Disclosure Statement Order, and as evidenced by affidavits of the Balloting Agent filed with the Bankruptcy Court on October 26, 2016, November 3, 2016, and November 8, 2016 [Docket Nos. 692, 703, 705 and 706], the Balloting Agent timely mailed to holders, as of the Voting Record Date, of claims in the Voting Classes solicitation packages (the "**Solicitation Packages**") containing copies of:  (a) the approved Disclosure  Statement, including the Plan; (b) the Confirmation Hearing Notice, which provided written notice of (i) the Bankruptcy Court's approval of the Disclosure Statement, (ii) the deadline for voting on the Plan, (iii) the date of the Confirmation Hearing, and (iv) the deadline and procedures for filing objections to confirmation of the Plan; and (c) the appropriate Ballot and voting instructions and a prepaid return envelope.

V.     As required by the Disclosure Statement Order, the Balloting Agent timely mailed to all holders of Claims that are Unclassified under the Plan, which are Administrative Claims, Professional Claims, and Priority Tax Claims, or included in the Unimpaired Classes (as defined below), which are Class 1 (Priority Non-Tax Claims), Class 2 (Waterton Secured Claims), and

2

Class 3 (Secured Claims), a copy of the Confirmation Hearing Notice, a copy of the approved Disclosure Statement, including the Plan, and the appropriate Notice of Non-Voting Status.

VI.     As required by the Disclosure Statement Order, the Balloting Agent timely mailed to all holders of Equity Interests in Class 10 (Equity Interests), a copy of the Confirmation Hearing Notice and the appropriate Notice of Non-Voting Status.

VII.    As required by the Disclosure Statement Order, the Balloting Agent timely mailed a copy of the Confirmation Hearing Notice on all creditors, the U.S. Trustee, and counter-parties to the Debtors' unexpired leases and executory contracts that have not yet been assumed or rejected, if any.

VIII.   As required by the Disclosure Statement Order, and as evidenced by certifications of publication filed with the Bankruptcy Court on November 10, 2016 [Docket Nos. 707 and 708], the Debtors caused the Confirmation Hearing Notice to be published in (i) the *Mining Journal* in the issue dated Friday November 4-17, 2016, and (ii) *USA Today* on October 31, 2016.

IX.     On November 4, 2016, the Debtors filed the Plan Supplement [Docket No. 704]. The Plan Supplement included, as exhibits thereto, (i) the draft form of the Liquidating Trust Agreement for the Liquidating Trust to be established under the Plan, (ii) the list of Executory Contracts and Unexpired Leases to be Assumed, and (iii) the list of Retained Causes of Action (as may be amended, modified, or supplemented from time to time, collectively, the "**Plan Supplement Exhibits**").  The Plan Supplement Exhibits comply with the terms of the Plan, and the filing and notice of such Plan Supplement Exhibits was good, sufficient and proper and no other or further notice is or shall be required.

X.     Pursuant to the Disclosure Statement Order, the voting deadline for the Voting Classes was 5:00 p.m. (prevailing Mountain Time) on November 14, 2016, unless such deadline was extended by the Debtors.

XI.    On November 18, 2016, the Balloting Agent filed the *Certification of Upshot Services LLC Regarding Tabulation of Vote In Connection With Debtors' Joint Chapter 11 Plan of Liquidation* [Docket No. 718] attesting to, and certifying the method and results of, the ballot tabulation for the Voting Classes (the "**Voting Report**"). The voting results, as certified in the Voting Report, are reflected in the chart attached hereto as **Exhibit C**.

XII.   Pursuant to the Disclosure Statement Order, the deadline to file objections to the Plan was 5:00 p.m. (prevailing Mountain Time) on November 14, 2016, unless such deadline was extended by the Debtors.  No objections or other responses to confirmation of the Plan were filed.

XIII.  On November [__], 2016, the Debtors filed the *Memorandum of Law in Support of Confirmation of Debtors' Joint Chapter 11 Plan of Liquidation* [Docket No. __] (the "**Confirmation Memorandum**").

XIV.   The Confirmation Hearing was held by the Bankruptcy Court on November 29, 2016 at 1:30 p.m. (prevailing Mountain Time).

NOW, THEREFORE, based upon the Bankruptcy Court's review of the Plan, the Plan Supplement Exhibits, the Confirmation Memorandum, the Voting Report, and upon all of the evidence proffered or adduced and the arguments of counsel made at or in connection with the Confirmation Hearing, the entire record of these Chapter 11 Cases, and upon all the proceedings heretofore had in these Chapter 11 Cases, and after due deliberation thereon and good and

4

sufficient cause appearing therefor, the Bankruptcy Court hereby makes and issues the following findings of fact and conclusions of law:

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

**IT IS HEREBY FOUND AND DETERMINED THAT**:

A.      <u>Exclusive Jurisdiction; Venue; Core Proceeding (28 U.S.C. §§ 157, 1334(a), 1408, and 1409)</u>.  The Bankruptcy Court has jurisdiction over these Chapter 11 Cases pursuant to 28 U.S.C. §§ 157 and 1334 and the automatic reference of all bankruptcy cases to the Bankruptcy Court pursuant to Rule 84.1 of the Local Rules of Practice of the United States District Court for the District of Colorado – Civil.  Venue is proper before the Bankruptcy Court pursuant to 28 U.S.C. §§ 1408 and 1409.  Confirmation of the Plan is a core proceeding under 28 U.S.C. § 157(b)(2), and the Bankruptcy Court has exclusive jurisdiction to determine whether the Plan complies with the applicable provisions of the Bankruptcy Code and should be confirmed.

B.      <u>Burden of Proof</u>.  The Debtors, as proponents of the Plan, have the burden of proving the elements of section 1129(a) and (b) of the Bankruptcy Code by a preponderance of the evidence, which is the applicable evidentiary standard for confirmation of the Plan.  As set forth below, the Debtors have met that burden.

C.      <u>Judicial Notice</u>.  The Bankruptcy Court takes judicial notice of the docket in these Chapter 11 Cases maintained by the Clerk of the Bankruptcy Court and/or its duly appointed agent, including, without limitation, all pleadings, notices, and other documents filed, all orders entered, and all evidence and arguments made, proffered or adduced at or in connection with the hearings held before this Bankruptcy Court during these Chapter 11 Cases, including, without limitation, the Confirmation Hearing.

010-8279-2562/4/AMERICAS

D.      <u>Transmittal and Mailing of Materials; Adequate and Sufficient Notice</u>.   The Solicitation Packages, the Plan Supplement and the Confirmation Hearing Notice were transmitted and served, and the Confirmation Hearing Notice was published, in compliance with the Disclosure Statement Order, the Bankruptcy Code, the Bankruptcy Rules, and the Local Bankruptcy Rules for United States Bankruptcy Court for the District of Colorado (the "**Local Rules**"), and such transmittal, service, and publication was adequate and sufficient, and no other or further notice is or shall be required.  Adequate and sufficient notice, including by publication, of the Confirmation Hearing, the Disclosure Statement Order, and the dates and deadlines provided for in the Disclosure Statement Order was given in compliance with the Disclosure Statement Order, the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules, and no other or further notice or publication is or shall be required.  All parties in interest in these Chapter 11 Cases had a full and fair opportunity to file objections and responses to confirmation of the Plan and to appear and be heard at the Confirmation Hearing and no other or further notice is or shall be required.

E.      <u>Voting Results</u>.  As described more fully in the Voting Report and the voting results attached at **<u>Exhibit C</u>**:

(i)      Class 3 voted to accept the Plan;

(ii)     Class 4 voted to accept the Plan;

(iii)    Class 5 voted to accept the Plan;

(iv)     Class 6 voted to accept the Plan;

(v)      Class 7 voted to accept the Plan;

(vi)     Class 8 voted to accept the Plan; and

(vii)    Class 9 voted to accept the Plan.

6

F.      Plan Compliance with the Applicable Provisions of the Bankruptcy Code (11 U.S.C. § 1129(a)(1)).  As set forth below, the Plan complies with the applicable provisions of the Bankruptcy Code, thereby satisfying section 1129(a)(1) of the Bankruptcy Code.

(i)     Proper Classification of Claims and Equity Interests (11 U.S.C. §§ 1122, 1123(a)(1)).  In addition to the Administrative Claims, Professional Claims, and Priority Tax Claims, which need not be classified under the Plan, the Plan designates ten (10) Classes of Claims and Equity Interests. The Claims or Equity Interests placed in each Class are substantially similar to other Claims or Equity Interests, as the case may be, in such Class. Valid business, factual, and/or legal reasons exist for separately classifying the various Classes of Claims and Equity Interests created under the Plan, and therefore the Plan does not unfairly discriminate among holders of Claims or Equity Interests.  Thus, the Plan satisfies sections 1122 and 1123(a)(1) of the Bankruptcy Code.

(ii)    Specification of Unimpaired Classes (11 U.S.C. § 1123(a)(2)).  Article III of the Plan specifies that Classes 1, 2 and 3 are unimpaired under the Plan (collectively, the "**Unimpaired Classes**"), thereby satisfying section 1123(a)(2) of the Bankruptcy Code.

(iii)   Specification of Treatment of Impaired Classes (11 U.S.C. § 1123(a)(3)).  Article III of the Plan designates Classes 4 through 10 as impaired under the Plan (collectively, the "**Impaired Classes**"), and specifies the treatment of Claims and Equity Interests in the Impaired Classes, thereby satisfying section 1123(a)(3) of the Bankruptcy Code.

(iv)    Equal Treatment Within Classes (11 U.S.C. § 1123(a)(4)).  The Plan provides for the same treatment for each Claim or Equity Interest in a particular Class unless the holder of a particular Claim or Equity Interest in such Class has agreed to a less favorable treatment of its Claim or Equity Interest, as the case may be, thereby satisfying section 1123(a)(4) of the Bankruptcy Code.

(v)     Implementation of Plan (11 U.S.C. § 1123(a)(5)).  In compliance with section 1123(a)(5) of the Bankruptcy Code, Article IV of the Plan and various other provisions of the Plan set forth the means for implementation of the Plan, which means are adequate and proper.  All documents necessary to implement the Plan, including, without limitation, those contained in the Plan Supplement and all other relevant and necessary documents, have been developed and negotiated in good faith and at arms' length and, subject to and upon the occurrence of the Effective Date, shall be valid, binding, and enforceable agreements and not be in conflict with any federal or state law.

7

(vi)     Non-Voting Equity Securities (11 U.S.C. § 1123(a)(6)). Section 1123(a)(6) of the Bankruptcy Code does not apply to the Plan because the Debtors do not propose to issue any equity securities under the Plan.

(vii)    Selection of Officers and Directors (11 U.S.C. § 1123(a)(7)). Section 1123(a)(7) of the Bankruptcy Code does not apply to the Plan because the Debtors are not selecting any officers and directors under the Plan.

(viii)   Impairment/Unimpairment of Classes of Claim and Equity Interests (11 U.S.C § 1123(b)(1)). Pursuant to Article III of the Plan, Classes 4 through 10 are impaired, and Classes 1, 2 and 3 are unimpaired, as contemplated by section 1123(b)(1) of the Bankruptcy Code.

(ix)     Assumption and Rejection of Executory Contracts (11 U.S.C. § 1123(b)(2)). Article VII of the Plan provides for the rejection of all the Executory Contracts and Unexpired Leases of the Debtors, if any, as of the Effective Date, except for any Executory Contract or Unexpired Lease (a) that has previously been assumed, assumed and assigned or rejected by the Debtors as per the Sale Order, any other order previously entered by the Bankruptcy Court or otherwise, or (b) that previously expired or terminated pursuant to its own terms, as contemplated by section 1123(b)(2) of the Bankruptcy Code.

(x)      Settlement/Retention of Claims or Equity Interests (11 U.S.C. § 1123(b)(3)). As permitted by section 1123(b)(3) of the Bankruptcy Code, Article IV.E of the Plan provides that except as otherwise provided therein, the Liquidating Trust Assets, including without limitation the Retained Causes of Action, shall transfer to the Liquidation Trust on the Effective Date. Thereafter, the Liquidation Trust (at the direction of the Liquidating Trustee) may use, acquire and dispose of such property as specifically provided in the Plan and the Liquidating Trust Agreement. Except as specifically provided in the Plan or this Confirmation Order, as of the Effective Date, all property of the Debtors shall be free and clear of any liens, Claims, encumbrances and interests of any kind.

(xi)     Additional Plan Provisions (11 U.S.C. § 1123(b)(6)). The exculpations, releases, and injunctions issued pursuant to Article IX of the Plan preserve and enforce the releases granted by the Plan and are narrowly tailored to achieve that purpose. Such provisions, and all other provisions of the Plan, are consistent with section 1123(b)(6) of the Bankruptcy Code, and not inconsistent with the applicable provisions of the Bankruptcy Code.

G.     Plan Compliance with Bankruptcy Rules 3016(a), (b), and (c). The Plan is dated and identifies the entities submitting it, thereby satisfying Rule 3016(a) of the Bankruptcy Rules. The filing of the Disclosure Statement with the Bankruptcy Court satisfied Bankruptcy Rule

8

3016(b).  The Plan and the Disclosure Statement set forth in bold text all acts to be enjoined and identify all entities subject to the injunction provided by the Plan in satisfaction of Bankruptcy Rule 3016(c).

H.     Debtors' Compliance with the Applicable Provisions of the Bankruptcy Code (11 U.S.C. § 1129(a)(2)).   The Debtors have complied with the applicable provisions of the Bankruptcy Code, thereby satisfying section 1129(a)(2) of the Bankruptcy Code. Specifically:

(i)     the Debtors are proper debtors under section 109 of the Bankruptcy Code and proper proponents of the Plan under section 1121(a) of the Bankruptcy Code;

(ii)    the Debtors have complied with the applicable provisions of the Bankruptcy Code, except as otherwise provided or permitted by orders of the Bankruptcy Court; and

(iii)   the Debtors have complied with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and the Disclosure Statement Order in transmitting the Solicitation Packages and in soliciting and tabulating votes on the Plan.

I.     Plan Proposed in Good Faith (11 U.S.C. § 1129(a)(3)).   The Debtors have proposed the Plan in good faith and not by any means forbidden by law, thereby satisfying section 1129(a)(3) of the Bankruptcy Code.   The Debtors and the Committee participated in good faith in negotiating, at arms' length, the Plan, the Liquidating Trust Agreement and other contracts, instruments, releases, exculpations, agreements, and documents related to or necessary to implement, effectuate, and consummate the Plan.   These parties and their respective counsel and advisors also participated in good faith in each of the actions taken to bring about, and in satisfying each of the conditions precedent to, confirmation and consummation of the Plan.   The Debtors' good faith is evidenced from the record of the Chapter 11 Cases, including, among other things, the totality of the circumstances surrounding the filing of the Chapter 11 Cases, the testimony presented at, and the record of, the Confirmation Hearing, the formulation of the Plan

9

and all related pleadings, exhibits, statements, and comments regarding confirmation of the Plan, and other proceedings held in these Chapter 11 Cases. The Chapter 11 Cases were filed, and the Plan was proposed, with the legitimate and honest purpose of effecting a liquidation of the Debtors when no reorganization proved possible during the Chapter 11 Cases.

J.  Payments for Services or Costs and Expenses (11 U.S.C. § 1129(a)(4)). Any payment made or to be made by the Debtors for services or for costs and expenses in connection with the Chapter 11 Cases, or in connection with the Plan and incident to the Chapter 11 Cases, have been approved by, or are subject to the approval of, the Bankruptcy Court as reasonable, thereby satisfying section 1129(a)(4) of the Bankruptcy Code.

K.  Directors, Officers and Insiders (11 U.S.C. § 1129(a)(5)). The Plan is proposed to effectuate a liquidation of the Debtors and no officers or directors are appointed by the Debtors under the Plan. Thus, section 1129(a)(5) of the Bankruptcy Code is not applicable to confirmation of the Plan and these Chapter 11 Cases.

L.  No Rate Changes (11 U.S.C. § 1129(a)(6)). The Debtors' business operations are not subject to rate regulation by any governmental regulatory commission; therefore, section 1129(a)(6) of the Bankruptcy Code is not applicable to confirmation of the Plan and these Chapter 11 Cases.

M.  Best Interests of Creditors Test (11 U.S.C. § 1129(a)(7)). The Plan satisfies section 1129(a)(7) of the Bankruptcy Code. The liquidation analysis attached to the Disclosure Statement at Exhibit B, and the other evidence proffered or adduced at or in connection with the Confirmation Hearing in support of the Plan (i) is persuasive and credible, (ii) has not been controverted by other evidence, and (iii) establishes that each holder of a Claim or Equity Interest in an Impaired Class either (x) has accepted the Plan or (y) will receive or retain under

10

the Plan, on account of such Claim or Equity Interest, property of a value, as of the Effective Date, that is not less than the amount that it would receive if the Debtors were liquidated under chapter 7 of the Bankruptcy Code.

N.      Acceptance by the Requisite Classes of Creditors and Equity Interest Holders (11 U.S.C. § 1129(a)(8)).  Classes 4 through 9 are the only Impaired Classes entitled to vote on the Plan.  As evidenced in the Voting Report, Classes 4 through 9 voted to accept the Plan.  No Voting Class voted to reject the Plan.  As of the date hereof, there are no holders of Claims that have been temporarily Allowed for voting purposes in any Class.  Pursuant to the Plan, the Non-Voting Classes are deemed to accept the Plan.  Specifically, Classes 1, 2 and 3 are unimpaired under the Plan and, therefore, are deemed to have accepted the Plan.  The Plan provides that holders of Equity Interests in Class 10 will not receive any distribution or retain any property on account of such Equity Interests, and this Class is therefore deemed to have rejected the Plan pursuant to section 1126(g) of the Bankruptcy Code (the "**Deemed Rejecting Class**").  Thus, section 1129(a)(8) of the Bankruptcy Code has been satisfied with respect to all Classes.  In addition, the Plan satisfies the cramdown requirements of section 1129(b) with respect to the only Class which will not receive any Distribution of property under the Plan, Class 10.

O.      Treatment of Priority Claims (11 U.S.C. § 1129(a)(9)).  The Plan provides for the treatment of Allowed Claims entitled to priority pursuant to section 507(a)(2)-(8) of the Bankruptcy Code in the manner required by section 1129(a)(9) of the Bankruptcy Code.  Indeed, the Plan's treatment of Allowed Administrative Claims, Professional Claims, Priority Tax Claims, Priority Non-Tax Claims, Waterton Secured Claims and Secured Claims satisfies section 1129(a)(9) of the Bankruptcy Code.

P.     Acceptance By at Least One Impaired Class (11 U.S.C. § 1129(a)(10)).     As evidenced by the Voting Report, Classes 4 through 9, which, in each instance, are Impaired Classes, voted to accept the Plan in requisite numbers and amounts.  Because a Class of Claims is impaired under the Plan, at least one Class of Claims that is impaired under the Plan must accept the Plan, determined without including any acceptance of the Plan by any insider.  This is the case here, as per the Voting Report, because Classes 6, 7, 8 and 9 are impaired under the Plan and have voted to accept the Plan, without including any acceptance of the Plan by any insider.  Consequently, section 1129(a)(10) of the Bankruptcy Code is satisfied.

Q.     Feasibility (11 U.S.C. § 1129(a)(11)).     The Plan is feasible, as the Debtors have demonstrated, through the financial information provided in their monthly operating reports and evidence proffered or adduced at the Confirmation Hearing, and the Confirmation Memorandum, because there is a high probability the Debtors possess sufficient funds to meet their expectations under the Plan.   The Debtors in these Chapter 11 Cases are being liquidated.  The evidence proffered or adduced at or in connection with the Confirmation Hearing supports the finding that the Debtors will have sufficient liquidity to meet their obligations arising under the Plan.  The Bankruptcy Court finds that the evidence proffered or adduced at or in connection with the Confirmation Hearing (i) is persuasive and credible, (ii) has not been controverted by other evidence, and (iii) establish that the Plan is feasible and confirmation of the Plan is appropriate because the Debtors possess sufficient funds to meet their expectations under the Plan, thus satisfying the requirements of section 1129(a)(11) of the Bankruptcy Code.

R.     Payment of Certain Fees (11 U.S.C. § 1129(a)(12)).     Article XI.B of the Plan provides that all fees payable pursuant to 28 U.S.C. § 1930(a) after the Effective Date, as determined by the Bankruptcy Court at a hearing pursuant to Section 1128 of the Bankruptcy

Code, shall be paid prior to the closing of the Chapter 11 Cases on the earlier of when due or the Effective Date, or as soon thereafter as practicable by the Liquidating Trust. Accordingly, the Plan satisfies section 1129(a)(12) of the Bankruptcy Code.

S. <u>Continuation of Retiree Benefits; Domestic Support Obligations; Unsecured Claims Against Individual Debtors; Transfers by Non-Profit Organizations (11 U.S.C. §§ 1129(a)(13)-(16))</u>. The Debtors do not have any "retiree benefits" programs as such term is defined in section 1114 of the Bankruptcy Code, and none of the Debtors have domestic support obligations, are individuals, or are nonprofit organizations; therefore, sections 1129(a)(13)—(16) of the Bankruptcy Code are not applicable to confirmation of the Plan and these Chapter 11 Cases.

T. <u>Confirmation of Plan Over Non-Acceptance of Certain Impaired Classes (11 U.S.C. § 1129(b))</u>. The classification and treatment of Claims and Equity Interests in the Plan is proper pursuant to section 1122 of the Bankruptcy Code and does not discriminate unfairly pursuant to section 1129(b)(1) of the Bankruptcy Code, notwithstanding that the Deemed Rejecting Class is deemed to reject the Plan. Based on the evidence proffered, adduced, and/or presented at the Confirmation Hearing, the Plan does not discriminate unfairly with respect to the Deemed Rejecting Class, as required by sections 1129(b)(1) and (b)(2) of the Bankruptcy Code, because there is no holder of Claim against or Equity Interest in the Debtors that is junior to a holder in the Deemed Rejecting Class that is receiving or retaining any property under the Plan on account of such junior Claim or Equity Interests, and the holders of Claims against the Debtors that are senior to the Deemed Rejecting Class are receiving distributions, the value of which is less than 100% of the Allowed amount of their Claims.

13

U.    Only One Plan (11 U.S.C. § 1129(c)).  Other than the Plan (including previous versions thereof which were subsequently amended), no other plan has been filed in the Chapter 11 Cases.  As a result, the requirements of section 1129(c) of the Bankruptcy Code have been satisfied.

V.    Purpose of the Plan (11 U.S.C. § 1129(d)).  The principal purpose of the Plan is not the avoidance of taxes or the avoidance of the requirements of section 5 of the Securities Act, and there has been no filing by any governmental unit asserting any such attempted avoidance, thereby satisfying the requirements of section 1129(d) of the Bankruptcy Code.

W.    Satisfaction of Confirmation Requirements.  Based upon the foregoing, the Plan satisfies the requirements for confirmation set forth in section 1129 of the Bankruptcy Code.

X.    Good Faith Solicitation and Participation (11 U.S.C. § 1125(e)).  Based upon the record before the Bankruptcy Court, the Debtors, the Committee and their respective attorneys, advisors, and agents have acted in good faith within the meaning of section 1125(e) of the Bankruptcy Code and in compliance with the Disclosure Statement Order and the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules in connection with the solicitation of acceptances of the Plan and are entitled to the protections afforded by section 1125(e) of the Bankruptcy Code and the injunctive and exculpatory provisions set forth in the Plan.

Y.    Plan Settlement.  As set forth in Article IX.A of the Plan, in consideration for the distributions and other benefits provided pursuant to the Plan, the provisions of the Plan constitute a good faith compromise of all Claims, Equity Interests, and controversies relating to the contractual, legal, and subordination rights that a holder of a Claim or Equity Interest may have with respect to any Allowed Claim or Equity Interest, or any distribution made on account

14

of such Allowed Claim or Equity Interest (the "**Plan Settlement**").  The Plan Settlement is in the best interests of the Debtors, their Estates, and holders of Claims and Equity Interests, and is fair, equitable, and reasonable.

Z.      <u>Releases by the Debtors</u>.  The Debtors' releases set forth in Article IX.B of the Plan (the "**Debtors Release**") represent a valid exercise of the Debtors' business judgment. Pursuing any such claims against the Releasees is not in the best interests of the Debtors and their various constituencies.  In addition, the Releasees provided good and valuable consideration in exchange for the Debtors Release, including funding by the Releasees and otherwise facilitating the liquidation of the Debtors and the implementation of the Plan.

AA.     Releases of the Releasees by the Debtors are important to the success of the Plan, which embodies the Plan Settlement.  The Debtors received value from or on behalf of, and were aided in the Chapter 11 process by, the Releasees.  The Releasees played an integral role in the formulation and implementation of the Plan.

BB.     Based on the record and the facts and circumstances of the Chapter 11 Cases, the Bankruptcy Court hereby determines that the Debtors Release is: (1) in exchange for good and valuable consideration provided by the Releasees; (2) a good faith settlement and compromise of the Claims released by the Debtors Release; (3) in the best interests of the Debtors and all holders of Claims and Equity Interests; (4) fair, equitable, and reasonable; (5) given and made after due notice and opportunity for hearing; and (6) a bar to any of the Debtors, the Debtors' Estates or the Liquidation Trustee from asserting any Claim or Cause of Action released pursuant to the Debtors Release.

CC.     <u>Releases by Holders of Claims and Equity Interests</u>.  The circumstances of the Chapter 11 Cases render the releases by holders of Claims and Equity Interests (the "**Third-**

15

**Party Releases**") set forth in Article IX.D of the Plan appropriate under the Plan.  Under the Plan, the Third-Party Releases are very narrow and only given to (i) the Debtors, (ii) the officers and directors of the Debtors that served in such capacity at any time from and after the Petition Date, (iii) the Committee and its individual members thereof (solely in their capacity as such), and (iv) Waterton and each of their respective Representatives.  No party granting a Third-Party Release under the Plan has objected to the Third-Party Releases.

DD.     Based upon the record and the facts and circumstances of the Chapter 11 Cases, the Bankruptcy Court hereby determines that the Third-Party Releases are: (1) in exchange for good and valuable consideration provided by the Releasees; (2) a good faith settlement and compromise of the claims released by the holders of Claims and Equity Interests granting the Third-Party Releases pursuant to the terms of the Plan; (3) in the best interests of the Debtors and all holders of Claims and Equity Interests; (4) fair, equitable, reasonable; (5) given and made after notice and opportunity for hearing; and (6) a bar to any of the Releasing Parties granting the Third-Party Releases from asserting any claims released by the Third-Party Releases against any of the Releasees.

EE.     <u>Exculpation</u>.  The Exculpation provisions set forth in Article IX.C of the Plan are also essential to the Plan.  The record in the Chapter 11 Cases fully supports the Exculpation, and the Exculpation is appropriately tailored to protect the Exculpated Parties from inappropriate litigation.

FF.     <u>Injunctions</u>.  The injunction provisions set forth in Article IX.E of the Plan (the "**Injunctions**") are essential to the Plan and are necessary to preserve and enforce the Debtors' discharge provided for herein and in the Plan, the Debtors Release, the Third-Party Releases, and the Exculpation, and are appropriately tailored to achieve that purpose.

16

GG.    The Debtors Release, the Third-Party Releases, the Exculpation, and the Injunctions: (1) are within the jurisdiction of the Bankruptcy Court under 28 U.S.C. §§ 157(b)(1), 157(b)(2), 1334(a), 1334(b), and 1334(d) and the automatic reference of all bankruptcy cases to the Bankruptcy Court pursuant to Rule 84.1 of the Local Rules of Practice of the United States District Court for the District of Colorado – Civil; (2) an essential means of implementing the Plan pursuant to section 1123(b) of the Bankruptcy Code; (3) in exchange for good and valuable consideration provided by the Releasees; (4) a good faith settlement and compromise of the Claims released by the Debtors Release and Third-Party Releases and exculpated by the Exculpation; (5) in the best interests of the Debtors and all holders of Claims and Equity Interests; (6) fair, equitable, and reasonable; (7) given and made after due notice and opportunity for hearing; and (8) are consistent with sections 105, 363, 1123, and 1129 of the Bankruptcy Code, Bankruptcy Rule 9019, and other applicable law. Based upon the record of the Chapter 11 Cases and the evidence proffered, adduced, and presented at the Confirmation Hearing, the Bankruptcy Court finds that the Debtors Release, the Third-Party Releases, the Exculpation, and the Injunctions are consistent with the Bankruptcy Code and applicable law.

HH.    Retention of Jurisdiction.  The Bankruptcy Court may properly retain jurisdiction over the matters set forth in Article X of the Plan as provided for therein.

II.    Liquidating Trustee. The Committee has, pursuant to the Plan, selected Mr. Kenneth J. Buechler, Esq., as the Liquidating Trustee.  Upon the Effective Date, the Liquidating Trustee shall be fully empowered and authorized to act in accordance with the Plan and the Liquidating Trust.

17

## **DECREES**

**NOW THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, DECREED AND DETERMINED THAT:**

       1.      <u>Findings of Fact: Conclusions of Law</u>.  The findings of fact and conclusions of law herein constitute the Bankruptcy Court's findings of fact and conclusions of law under Rule 52 of the Federal Rules of Civil Procedure, as made applicable herein by Bankruptcy Rules 7052 and 9014.  Any finding of fact shall constitute a finding of fact even if it is referred to as a conclusion of law, and any conclusion of law shall constitute a conclusion of law even if it is referred to as a finding of fact.

       2.      <u>Confirmation</u>.  The Plan, a copy of which is annexed hereto as **<u>Exhibit A</u>**, is hereby CONFIRMED under and pursuant to section 1129 of the Bankruptcy Code, as set forth herein. The Plan and all terms of the Plan (subject to any further modifications pursuant to the terms of the Plan) and the Plan Supplement Exhibits and each of the provisions thereof are hereby approved.  The terms of the Plan, the Plan Supplement Exhibits, and any exhibits thereto are incorporated by reference into, and are an integral part of, this Confirmation Order, and shall be effective and binding as of the Effective Date, without any requirement of further action by any of the Debtors' boards of directors or officers, as applicable, or security holders.

       3.      <u>Resolution of Confirmation Objections</u>.  All holders of Claims and Equity Interests and other parties in interest have had a full and fair opportunity to litigate all issues raised by the Plan and no objections or other responses were filed to the Plan by the objection deadline.  Confirmation objections or any other responses and reservation of rights, if any, that with respect to the confirmation of the Plan that were not withdrawn are hereby overruled.

       4.      <u>Record Closed</u>.  The record of the Confirmation Hearing is hereby closed.

5.      <u>Provisions of Plan and Confirmation Order Non-severable and Mutually</u> <u>Dependent</u>.  The provisions of the Plan and this Confirmation Order, including the findings of fact and conclusions of law set forth herein, are non-severable and mutually dependent.

6.      <u>Plan Classification Controlling</u>.  The classification of Claims and Equity Interests for purposes of the distributions to be made under the Plan shall be governed solely by the terms of the Plan.  The classifications set forth on the Ballots tendered to, or returned by, the holders of Claims in the Voting Classes (i) were set forth on the Ballots solely for purposes of voting to accept or reject the Plan, (ii) do not necessarily represent, and in no event shall he deemed to modify or otherwise affect, the actual classification of such Claims under the Plan for distribution purposes, and (iii) shall not be binding on the Debtors or their Estates.  The classification scheme of the Plan and the treatment of all Claims and Equity Interests as provided thereunder are hereby approved.

7.      <u>Binding Effect</u>.  Except as otherwise provided in section 1141(d)(3) of the Bankruptcy Code and subject to the occurrence of the Effective Date, on and after the Confirmation Date, the provisions of the Plan shall bind any holder of a Claim or Equity Interest and such holders' respective successors and assigns, whether or not the Claims or Equity Interests of such holders are impaired under the Plan and whether or not such holders have voted to accept the Plan, and any and all non-Debtor parties to Executory Contracts and Unexpired Leases with the Debtors.

8.      <u>Debtor-in-Possession Transactions</u>.   All transactions effected by the Debtors during the pendency of the Chapter 11 Cases from the Petition Date up to the Effective Date are hereby approved and ratified.

9.      Plan Settlement.   Pursuant to section 363 of the Bankruptcy Code and Bankruptcy Rule 9019, the Plan Settlement is hereby approved.

10.      Vesting of Retained Causes of Action.   Any Retained Causes of Action that the Debtors may hold against any Entity shall vest upon the Effective Date in the Liquidating Trust.

11.      Release of Liens.   Except as otherwise provided in the Plan or in any contract, instrument, release or other agreement or document created pursuant to the Plan, on the Effective Date, all mortgages, deeds of trust, liens, pledges or other security interests against property of the Estates shall be fully released and discharged and all of the right, title and interest of any holder of such mortgages, deeds of trust, liens, pledges or other security interest shall revert to the Debtors or the Liquidating Trustee, as applicable.

12.      Exemption from Transfer Taxes.   To the fullest extent permitted by section 1146(a) of the Bankruptcy Code, any transfers of property pursuant the  Plan shall not be subject to any stamp tax or other similar tax or governmental assessment in the United States, and all appropriate state or local governmental officials or agents are hereby directed to forego the collection of any such tax or governmental assessment and to accept for filing and recordation instruments or other documents pursuant to such transfers of property without the payment of any such tax or governmental assessment.

13.      Cancellation of Existing Securities and Agreements.   On the Effective Date, except to the extent otherwise provided herein or in the Plan, all notes, stock, instruments, certificates and other documents evidencing the Equity Interests and the Claims shall be deemed automatically cancelled and shall be of no further force, whether surrendered for cancellation or otherwise, and the obligations of the Debtors thereunder or in any way related thereto, including

20

any obligation of the Debtors to pay any franchise or similar type taxes on account of such Equity Interests or Claims, shall be discharged.

14.  <u>Plan Supplement Exhibits</u>.  The forms, terms, and provisions of each of the Plan Supplement Exhibits have been consented to as necessary by the Debtors and the Committee, and are hereby approved.  The Plan Supplement Exhibits shall be deemed incorporated into the Plan by reference and are a part of the Plan as if set forth in full therein.  On or prior to the Effective Date, but subject to the occurrence of the Effective Date, the Debtors are hereby authorized to execute and deliver the Liquidating Trust Agreement, in substantially the form included in the Plan Supplement, including such changes thereto as are consistent with the Plan, without the need for any further corporate or shareholder action.  The Liquidating Trust Agreement, once executed, shall constitute a legal, valid binding and authorized obligation of the respective parties thereto, enforceable in accordance with its terms.

15.  <u>Distributions Under the Plan</u>.  All distributions under the Plan shall be made in accordance with the Plan and such methods of distribution are hereby approved.

16.  <u>Disputed Claims</u>.  Article VI of the Plan, including, without limitation, the provisions governing procedures for resolving Disputed Claims, are found to be fair and reasonable and are hereby approved.

17.  <u>Authorizations</u>.  Any action under the Plan or this Confirmation Order to be taken by, or required of, the Debtors or the Liquidating Trustee, shall be authorized and approved in all respects, without any requirement of further action by any of the Debtors' boards of directors or officers, as applicable, or security holders. The Debtors and the Liquidating Trustee are hereby fully empowered and authorized to act in accordance with the Plan and the Liquidating Trust.

21

18.    <u>Governmental Approvals</u>.    Each federal, state, commonwealth, local, foreign, or other governmental agency is hereby directed and authorized to accept any and all documents, mortgages, deeds of trust, security filings, financing statements, and instruments necessary or appropriate to effectuate, implement, or consummate the transactions contemplated by the Plan and this Confirmation Order.  This Confirmation Order shall constitute all approvals and consents required, if any, by the laws, rules or regulations of any federal, state, commonwealth, local, foreign, or other governmental agency with respect to the implementation or consummation of the Plan and any other acts that may be necessary or appropriate for the implementation or consummation of the Plan, including but not limited to, with respect to the dissolution of the Debtors.

19.    <u>Dissolution</u>.    As soon as practicable after the Effective Date, the Liquidating Trustee shall: (a) file certificates of dissolution or such similar document, together with all other necessary corporate documents, to effect the dissolution of each of the Debtors under the applicable laws of its state of incorporation or domicile; and (b) complete and file final federal, state and local tax returns for each of the Debtors, and pursuant to Section 505(b) of the Bankruptcy Code, request an expedited determination of any unpaid tax liability of such Debtor or its Estate for any tax incurred during the administration of such Debtor's Chapter 11 Case, as determined under applicable tax laws.  Following such actions and upon the filing by or on behalf of the Debtors of a certification to that effect with the Bankruptcy Court, the Debtors shall be dissolved for all purposes without the necessity for any other or further actions to be taken by or on behalf of each of the Debtors or payments, including, without limitation, the payment of any franchise or similar taxes to the state or commonwealth of incorporation or organization of such Entity, to be made in connection therewith. The filing by each Debtor of its certificate of

22

dissolution shall be authorized and approved in all respects without further action under applicable law, regulation, order or rule, including, without limitation, any action by the stockholders or the board of directors of each such Debtor.

20.     <u>Executory Contracts and Unexpired Leases</u>. On the Effective Date, except to the extent that the Debtors either previously have assumed, assumed and assigned or rejected an executory contract or unexpired lease by an order of the Bankruptcy Court, including, but not limited to, the Sale Order, or have filed a motion to assume or assume and assign an executory contract or unexpired lease prior to the Effective Date, each executory contract and unexpired lease entered into by the Debtors prior to the Petition Date that has not previously expired or terminated pursuant to its own terms will be rejected pursuant to Section 365 of the Bankruptcy Code. Each such contract and lease will be rejected only to the extent that any such contract or lease constitutes an executory contract or unexpired lease. The entry of this Confirmation Order constitutes approval of any such rejections pursuant to Sections 365(a) and 1123 of the Bankruptcy Code.  The rejection thereof is in the best interest of the Debtors, their Estates and all parties in interest in the Chapter 11 Cases.

21.     <u>Approval of Discharge, Injunctions, Releases, and Exculpation and Limitation of Liability Set Forth In the Plan</u>.  In light of all of the circumstances and the record in these Chapter 11 Cases, including, without limitation, the evidence proffered or adduced at or in connection with the Confirmation Hearing and the Confirmation Memorandum, each of the discharge, injunction, release, exculpation and limitation of liability provisions set forth in the Plan, including Article IX of the Plan, are hereby approved as being: (i) within the jurisdiction of the Bankruptcy Court to approve under 28 U.S.C. §§ 1334(a), 1334(b), and 1334(d); (ii) an essential means of implementing the Plan pursuant to section 1123(b) of the Bankruptcy Code;

23

(iii) in exchange for the good and valuable consideration provided by the Releasees; (iv) a good faith settlement and compromise of the Claims released by the Debtors Release and Third-Party Releases and exculpated by the Exculpation; (v) in the best interests of the Debtors and all holders of Claims and Equity Interests; (vi) fair, equitable, and reasonable; (viii) given and made after due notice and opportunity for hearing; and (ix) consistent with sections 105, 363, 1123, and 1129 of the Bankruptcy Code, Bankruptcy Rule 9019, and all other applicable provisions of the Bankruptcy Code and Bankruptcy Rules.

22.    <u>Discharge of Claims and Termination of Equity Interests</u>.   Except as otherwise provided for in the Plan and effective as of the Effective Date: (a) the rights afforded in the Plan and the treatment of all Claims and Equity Interests shall be in exchange for and in complete satisfaction, discharge, and release of all Claims and Equity Interests of any nature whatsoever, including any interest accrued on such Claims from and after the Petition Date, against the Debtors or any of their assets, property, or Estates; (b) the Plan shall bind all holders of Claims and Equity Interests, notwithstanding whether any such holders failed to vote to accept or reject the Plan or voted to reject the Plan; (c) all Claims and Equity Interests shall be satisfied, discharged, and released in full, and the Debtors' liability with respect thereto shall be extinguished completely, including any liability of the kind specified under section 502(g) of the Bankruptcy Code; and (d) all Entities shall be precluded from asserting against the Debtors, the Debtors' Estates, their successors and assigns, and their assets and properties any other Claims or Equity Interests based upon any documents, instruments, or any act or omission, transaction, or other activity of any kind or nature that occurred prior to the Effective Date.

23.    <u>Releases by the Debtors</u>.  **Notwithstanding anything contained in the Plan to the contrary, as of the Effective Date, for the good and valuable consideration**

24

provided by each of the Releasees, including, without limitation: (a) the satisfaction and elimination of debt and all other good and valuable consideration paid pursuant to the Plan or otherwise; and (b) the services of the Debtors' officers and directors in facilitating the expeditious implementation of the sales of substantially all of the Debtors' assets, each of the Debtors hereby provides a full release, waiver and discharge to the Releasees (and each such Releasee so released shall be deemed released and discharged by the Debtors) and their respective properties from any and all Causes of Action and any other debts, obligations, rights, suits, damages, actions, remedies and liabilities whatsoever, whether known or unknown, foreseen or unforeseen, existing as of the Effective Date or thereafter arising, in law, equity or otherwise, whether for tort, contract, violations of federal or state securities laws, or otherwise, based in whole or in part upon any act or omission, transaction, or other occurrence or circumstances existing or taking place prior to or on the Effective Date in any way related to the Debtors, including, without limitation, those that any of the Debtors or the Liquidating Trust would have been legally entitled to assert or that any holder of a Claim or Equity Interest or other Entity would have been legally entitled to assert for or on behalf of any of the Debtors or Estates and further including those in any way related to the Chapter 11 Cases or the Plan.

24.    <u>Releases by Holders of Claims and Equity Interests</u>.  **Except as otherwise expressly provided for in the Plan or in obligations issued pursuant to the Plan, from and after the Effective Date, all Releasing Parties shall be deemed to have forever released, waived and discharged all causes of action and any other debts, obligations, rights, suits, damages, actions, remedies and liabilities whatsoever, whether known or unknown, foreseen or unforeseen, existing as of the Effective Date or thereafter arising, in law, equity**

25

or otherwise, whether for tort, contract, violations of federal or state securities laws or otherwise, based in whole or in part upon any act or omission, transaction, or other occurrence or circumstances existing or taking place prior to or on the Effective Date in any way related to the Debtors, the Chapter 11 Cases or the Plan against the Releasees.

25.    Exculpation.  **Notwithstanding anything contained in the Plan to the contrary, the Exculpated Parties shall neither have nor incur any liability to any Entity for any and all Claims and Causes of Action arising on or after the Petition Date, including any act taken or omitted to be taken in connection with, or related to, formulating, negotiating, preparing, disseminating, implementing, administering, confirming or consummating the Plan, the Disclosure Statement, the Liquidating Trust Agreement, the DIP Facility, or any other contract, instrument, release or other agreement or document created or entered into in connection with the Plan or any other postpetition act taken or omitted to be taken in connection with or in contemplation of the Sale or the liquidation of the Debtors; *provided, however*, that the foregoing provisions shall have no effect on the liability of any Exculpated Party that results from any such act or omission that is determined in a Final Order to have constituted gross negligence or willful misconduct; *provided, further*, that each Exculpated Party shall be entitled to rely upon the advice of counsel concerning its duties pursuant to, or in connection with, the above-referenced documents.**

26.    Injunction.  **Except as otherwise expressly provided for in the Plan or in obligations issued pursuant to the Plan, all Parties and Entities are permanently enjoined, on and after the Effective Date, on account of any Claim or Equity Interest, from (i) commencing or continuing in any manner any action or other proceeding of any kind against any of the Debtors' Estates, the Liquidating Trust, their successors and assigns,**

26

and any of their assets and properties; (ii) enforcing, attaching, collecting or recovering by any manner or means any judgment, award, decree or order against any Debtor's Estate, the Liquidating Trust, their successors and assigns, and any of their assets and properties; (iii) creating, perfecting or enforcing any encumbrance of any kind against any Debtor's Estate, the Liquidating Trust, their successors and assigns, and any of their assets and properties; (iv) asserting any right of setoff or subrogation of any kind against any obligation due from any Debtor's Estate, the Liquidating Trust or their successors and assigns, or against any of their assets and properties, except to the extent a right to setoff or subrogation is asserted with respect to a timely filed proof of claim; or (v) commencing or continuing in any manner any action or other proceeding of any kind in respect of any Claim or Equity Interest or Cause of Action released or settled hereunder. From and after the Effective Date, all Entities are permanently enjoined from commencing or continuing in any manner against the Debtors, their Estates, their successors and assigns, and any of their assets and properties, any suit, action or other proceeding, on account of or respecting any claim, demand, liability, obligation, debt, right, cause of action, interest or remedy released or to be released pursuant to the Plan or this Confirmation Order.

27. <u>Continuation of the Automatic Stay</u>. **Unless otherwise provided in the Plan or this Confirmation Order, all injunctions or stays in effect in the Chapter 11 Cases (pursuant to sections 105 or 362 of the Bankruptcy Code or any order of the Bankruptcy Court) and existing on the Confirmation Date (excluding any injunctions or stays contained in the Plan or the Confirmation Order) shall remain in full force and effect until the Effective Date. All injunctions or stays contained in the Plan or the Confirmation Order shall remain in full force and effect in accordance with their terms.**

27

28.     <u>Bar Date for Administrative Claims</u>.  Any holder of an Administrative Claim, must file with the Bankruptcy Court a proof of such Administrative Claim within forty-five (45) calendar days after the Effective Date (the "**Administrative Bar Date**"); *provided that* the following holders shall not be required to file an Administrative Claim by the Administrative Bar Date: (i) a Professional Claim, which is subject the next paragraph, (ii) Claims for fees and expenses pursuant to section 1930 of chapter 123 of title 28 of the United States Code; (iii) a Claim entitled to priority under section 503(b)(9) of the Bankruptcy Code (which claims, for the avoidance of doubt, shall remain subject to the Bar Date previously established by the Court for such claims); (iv) an Administrative Claim that has been Allowed on or before the Effective Date; (vi) an Administrative Claim of a governmental unit (as defined in section 101(27) of the Bankruptcy Code) not required to be filed pursuant to section 503(b)(1)(D) of the Bankruptcy Code; and (vii) an Administrative Claim based on liabilities incurred by the Debtors in the ordinary course of their business after the Petition Date in accordance with the terms and conditions of the particular transaction giving rise to such Allowed Administrative Claim, including for fees and expenses incurred on or after the Petition Date by ordinary course professionals retained by the Debtors pursuant to an order of the Bankruptcy Court; *provided*, *however*, that any requests for payment and allowance of an Administrative Claim for severance obligations and post-employment benefits or obligations must be filed as provided for herein by the Administrative Bar Date.  Such proof of Administrative Claim must include at a minimum: (i) the name of the applicable Debtor that is purported to be liable for the Administrative Claim and if the Administrative Claim is asserted against more than one Debtor, the exact amount asserted to be owed by each such Debtor; (ii) the name of the holder of the Administrative Claim; (iii) the amount of the Administrative Claim; (iv) the basis of the Administrative Claim;

and (v) supporting documentation for the Administrative Claim. **Failure to file and serve such proof of Administrative Claim timely and properly shall result in the Administrative Claim being forever barred and discharged without the need for further action, order or approval of or notice to the Bankruptcy Court.**

29.     <u>Professional Claims</u>.  All requests for payment of Professional Claims for services rendered and reimbursement of expenses incurred prior to the Effective Date must be filed no later than forty-five (45) days after the Effective Date (the "**Professional Claim Bar Date**").  Objections to such Professional Claims, if any, must be filed and served within ten (10) calendar days of the filing and service of such professional's application, and the hearing date with respect to such professional's application shall be established by the Bankruptcy Court in no event later than fourteen (14) calendar days after the filing and service of such application. Payment of Professional Claims shall be subject to the provisions set forth in the Plan.

30.     <u>Payment of U.S. Trustee Fees</u>.  The Debtors shall pay all fees payable pursuant to 28 U.S.C. § 1930(a) as set forth in Article XI.B of the Plan.

31.     <u>No Post-Effective Date Amendment to Claims; Late-Filed Claims</u>.  From and after the Effective Date, no Claim may be filed to increase or assert additional claims not reflected in an already filed Claim (or Claim scheduled, unless superseded by a filed Claim, on the applicable Debtor's schedules of assets and liabilities filed in the Chapter 11 Cases) asserted by such claimant and any such Claim shall be deemed disallowed and expunged in its entirety without further order of the Bankruptcy Court or any action being required on the part of the Debtors unless the claimant has obtained the Bankruptcy Court's prior approval to file such amended or increased Claim.  Any Claims filed after the Bar Date or the Administrative Bar Date, as applicable, shall be deemed disallowed and expunged in their entirety without further

29

notice to or action, order, or approval of the Bankruptcy Court or any action being required on the part of the Debtors, unless the Person or entity wishing to file such untimely Claim has received Bankruptcy Court authority to do so.

32.     <u>Dissolution of Committee</u>.   The Committee shall be automatically dissolved on the Effective Date.

33.     <u>Termination of Professionals</u>.  On the Effective Date, the engagement of each Professional retained by the Debtors and the Committee shall be terminated without further order of the Bankruptcy Court or act of the parties; *provided, however*, that such Professionals shall be entitled to prosecute their respective Professional Claims and represent their respective constituents with respect to applications for payment of Professional Claims.

34.     <u>Future Plan Modifications</u>.   The Debtors may, upon order of the Bankruptcy Court, amend or modify the Plan, in accordance with section 1127(b) of the Bankruptcy Code, to remedy any defect or omission, or reconcile any inconsistency in the Plan in such manner as may be necessary to carry out the purpose and intent of the Plan consistent with the terms set forth herein.

35.     <u>Effect of Non-Occurrence of Conditions to Consummation</u>.  If prior to Consummation, the Confirmation Order is vacated pursuant to a Final Order, then except as provided in any order of the Bankruptcy Court vacating the Confirmation Order, the Plan will be null and void in all respects, and nothing contained in the Plan or Disclosure Statement shall: (a) constitute a waiver or release of any Claims, Equity Interests, or Causes of Action; (b) prejudice in any manner the rights of any Debtor or any other Entity; or (c) constitute an admission, acknowledgment, offer, or undertaking of any sort by any Debtor or any other Entity.

36.     _Reversal_.  If any of the provisions of this Confirmation Order are hereafter reversed, modified or vacated by a subsequent order of the Bankruptcy Court or any other court, such reversal, modification, or vacatur shall not affect the validity of the acts or obligations incurred or undertaken under, or in connection with, the Plan prior to written notice of such order by the Debtors.  Notwithstanding any such reversal, modification or vacatur of this Confirmation Order, any such act or obligation incurred or undertaken pursuant to, and in reliance on this Confirmation Order prior to the effective date of such reversal, modification or vacatur shall be governed in all respects by the provisions of this Confirmation Order, the Plan, all documents relating to the Plan and any amendments or modifications to the foregoing.

37.     _Retention of Jurisdiction_.  Pursuant to sections 105(c) and 1142 of the Bankruptcy Code and notwithstanding entry of this Confirmation Order and the occurrence of the Effective Date, on and after the Effective Date, the Bankruptcy Court shall retain exclusive jurisdiction, pursuant to 28 U.S.C. §§ 1334 and 157, over all matters arising in, arising under, or related to the Chapter 11 Cases for, among other things, the purposes set forth in Article X of the Plan.

38.     _Notice of Confirmation and Effective Date and Related Deadlines_.  On or before three (3) business days after the occurrence of the Effective Date (the "**Notice of Confirmation and Effective Date Service Deadline**"), the Debtors shall mail, or cause to be mailed, to the U.S. Trustee, all parties that, as of the date thereof, have requested notice in the Chapter 11 Cases pursuant to Bankruptcy Rule 2002, and all of the Debtors' known potential creditors and the Debtors' Equity Interest holders a notice, substantially in the form attached hereto as **Exhibit B** (the "**Notice of Confirmation and Effective Date**"), that informs such parties of (i) the occurrence of the Effective Date, (ii) the occurrence of the various bar dates

31

established in the Plan and this Confirmation Order, including, without limitation, the Administrative Bar Date, and the Professional Claim Bar Date, and (iii) such other matters as the Debtors deem appropriate; *provided, however*, that such notice need not be given or served under or pursuant to the Bankruptcy Code, the Bankruptcy Rules, the Local Rules or this Confirmation Order to any Person to whom the Debtors mailed a Confirmation Hearing Notice but received such notice returned marked "undeliverable as addressed," "moved-left no forwarding address," "forwarding order expired, or any similar reason unless prior to the Notice of Confirmation and Effective Date Service Deadline, the Debtors have been informed in writing by such Person of that Person's new mailing address.  The Notice of Confirmation and Effective Date described herein is adequate and appropriate under the particular circumstances of the confirmation of the Plan, the entry of this Confirmation Order, the occurrence of the Effective Date, and the various bar dates established in the Plan and this Confirmation Order, including, without limitation, the Administrative Bar Date and the Professional Claim Bar Date, and no other or further notice is necessary or required pursuant to Bankruptcy Rules 3020(c) and 2002(f) or any other applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, or the Local Rules.

39.     <u>References to Plan Provisions</u>.  The terms of the Plan are an integral part of this Confirmation Order and are incorporated herein by reference.  The failure specifically to include or reference any particular provision of the Plan in this Confirmation Order shall not in any manner whatsoever affect, diminish, or impair the effectiveness of such provision, it being the intent of the Bankruptcy Court that entry of this Confirmation Order constitutes approval and confirmation of the Plan in its entirety.

40.     <u>Confirmation Order Controlling</u>.  The provisions of the Plan and this Confirmation Order shall be construed in a manner consistent with each other so as to effect the

purpose of each; *provided, however*, that if there is determined to be any inconsistency between any Plan provision and any provision of this Confirmation Order that cannot be so reconciled, then solely to the extent of such inconsistency, the provisions of this Confirmation Order shall govern and any provision of this Confirmation Order shall be deemed a modification of the Plan and shall control and take precedence.  The provisions of this Confirmation Order are integrated with each other and are non-severable and mutually dependent.

41.     <u>Separate Confirmation Order</u>.  This Confirmation Order shall be a separate Confirmation Order with respect to each of the Debtors in each Debtor's separate Chapter 11 Case.

42.     <u>Substantial Consummation</u>.   On the Effective Date, the Plan shall be deemed to be substantially consummated under sections 1102 and 1127 of the Bankruptcy Code.

43.     <u>Applicable Non-Bankruptcy Law</u>.   Pursuant to sections 1123(a) and 1142(a) of the Bankruptcy Code, the provisions of this Confirmation Order, the Plan, and the Liquidating Trust Agreement shall apply and be enforceable notwithstanding any otherwise applicable non-bankruptcy law.

44.     <u>Headings</u>.   The headings contained within this Confirmation Order are used for the convenience of the parties and shall not alter or affect the meaning of the text of this Confirmation Order.

33

45.     <u>Immediately Effective Order</u>.    Notwithstanding Bankruptcy Rules 3020(e), 6004(h), and 7062 (and notwithstanding any other applicable provision of the Bankruptcy Code or the Bankruptcy Rules to the contrary), this Confirmation Order shall be effective and enforceable immediately upon entry.

 

 

_____
United States Bankruptcy Judge

Dated: November ___, 2016
      Denver, Colorado

34

# **EXHIBIT A**

**Plan**

010-8279-2562/4/AMERICAS

**<u>EXHIBIT B</u>**

**Notice of Effective Date**

010-8279-2562/4/AMERICAS

## IN THE UNITED STATES BANKRUPTCY COURT
## DISTRICT OF COLORADO

```
------------------------------------------------ x
In re:                                           :     Case No. 15-22848 JGR
                                                 :
Atna Resources Inc., et al.1                     :     Chapter 11
                                                 :
                                                 :     Jointly Administered Under
          Debtors.                               :      Case No.  15-22848
                                                 :
------------------------------------------------ x
```

**NOTICE OF (A) ENTRY OF ORDER CONFIRMING DEBTORS' JOINT CHAPTER 11 PLAN OF LIQUIDATION; (B) OCCURRENCE OF EFFECTIVE DATE THEREUNDER; AND (C) RELATED DEADLINES**

TO:   (I) THE U.S. TRUSTEE; (II) ALL PARTIES THAT, AS OF THE FILING OF THIS NOTICE, HAVE REQUESTED NOTICE IN THESE CHAPTER 11 CASES PURSUANT TO BANKRUPTCY RULE 2002; AND (III) ALL KNOWN CREDITORS AND EQUITY INTEREST HOLDERS

**PLEASE TAKE NOTICE** that on November [__], 2016 (the "**Confirmation Date**"), the United States Bankruptcy Court for the District of Colorado (the "**Bankruptcy Court**") entered its *Findings of Fact, Conclusions of Law, and Order Under Section 1129 of the Bankruptcy Code and Bankruptcy Rule 3020 Confirming the Debtors' Joint Chapter 11 Plan of Liquidation* [Docket No. __] (the "**Confirmation Order**").  Unless otherwise defined in this Notice, capitalized terms used herein shall have the meanings ascribed to them in the *Joint Chapter 11 Plan of Liquidation*, dated October 19, 2016 (as confirmed and with all exhibits thereto and as may be amended, modified, or supplemented from time to time, the "**Plan**," a copy of which is attached to the Confirmation Order as Exhibit A).

**PLEASE TAKE FURTHER NOTICE** that pursuant to section 1141(a) of the Bankruptcy Code, the provisions of the Plan and the Confirmation Order shall bind (i) the Debtors and their estates, (ii) all holders of Claims against and Equity Interests in the Debtors that arose before or were filed as of the Effective Date, whether or not impaired under the Plan and whether or not, if impaired, such holders accepted the Plan or received or retained any property under the Plan, and (iii) each person acquiring property under the Plan.

**PLEASE TAKE FURTHER NOTICE** that the Effective Date of the Plan was [_____ __], **2016**.

**PLEASE TAKE FURTHER NOTICE** that any party in interest wishing to obtain a copy of the Confirmation Order may obtain such copy by: (a) accessing the website of the

---

[1] The debtors and debtors in possession and their respective case numbers are: Atna Resources Inc. (15-22848); Canyon Resources Corporation (15-22849); CR Briggs Corporation (15-22850); CR Montana Corporation (15-22851); CR Kendall Corporation (15-22852); Atna Resources Ltd. (15-22853); Horizon Wyoming Uranium, Inc. (15-22854).

Debtors' claims and noticing agent, Upshot Services LLC ("**Upshot**"), at http://www.upshotservices.com/atna, or (b) requesting a paper copy from Upshot by emailing atnainfo@upshotservices.com and referencing "Atna Resources Inc." in the subject line or by calling Upshot at (855) 812-6112.  Copies of the Confirmation Order may also be reviewed during regular business hours at the Bankruptcy Court, 721 19th Street, Denver, Colorado 80202, or may be obtained at the Bankruptcy Court's website at www.cob.uscourts.gov by following the directions for accessing the ECF system on such site.

<u>Administrative Bar Date</u>

**PLEASE TAKE FURTHER NOTICE** that any holder of an Administrative Expense Claim must file with the Bankruptcy Court proof of such Administrative Expense Claim **no later than [__], 2016** (the "**Administrative Bar Date**").  Notwithstanding the foregoing, holders of the following claims are not required to assert such claims by the Administrative Bar Date: (i) Professional Claims, which are subject to the Professional Claim Bar Date (defined below); (ii) Claims for fees and expenses pursuant to section 1930 of chapter 123 of title 28 of the United States Code; (iii) Claims entitled to priority under section 503(b)(9) of the Bankruptcy Code (which claims, for the avoidance of doubt, shall remain subject to the Bar Date previously established by the Court for such claims); (iv) Administrative Claims that have been Allowed on or before the Effective Date; (v) Administrative Claims of a governmental unit (as defined in section 101(27) of the Bankruptcy Code) that are not required to be filed pursuant to section 503(b)(1)(D) of the Bankruptcy Code; (vi) Administrative Claims based on liabilities incurred by the Debtors in the ordinary course of their business after the Petition Date in accordance with the terms and conditions of the particular transaction giving rise to such Allowed Administrative Claims, including, without limitation fees and expenses incurred on or after the Petition Date by ordinary course professionals retained by the Debtors pursuant to an order of the Bankruptcy Court, *provided, however*, that any requests for payment and allowance of an Administrative Claim for severance obligations and post-employment benefits or obligations are subject to, and must be filed by, the Administrative Bar Date.

**PLEASE TAKE FURTHER NOTICE** that such proof of Administrative Claim must include at a minimum: (i) the name of the applicable Debtor that is purported to be liable for the Administrative Claim and if the Administrative Claim is asserted against more than one Debtor, the exact amount asserted to be owed by each such Debtor; (ii) the name of the holder of the Administrative Claim; (iii) the amount of the Administrative Claim; (iv) the basis of the Administrative Claim; and (v) supporting documentation for the Administrative Claim.

**PLEASE TAKE FURTHER NOTICE that failure to file and serve such proof of Administrative Claim timely and properly shall result in the Administrative Claim being forever barred and discharged without the need for further action, order or approval of or notice to the Bankruptcy Court.**

<u>Professional Claim Bar Date</u>

**PLEASE TAKE FURTHER NOTICE that any Professional seeking allowance by the Bankruptcy Court of a Professional Claim shall file its respective final application for allowance** of compensation for services rendered and reimbursement of expenses incurred prior

2

to the Effective Date **no later than [_____], 2016 (the "Professional Claim Bar Date")**.  Objections to such Professional Claims, if any, must be filed and served within ten (10) calendar days of the filing and service of such professional's application, and the hearing date with respect to such professional's application shall be established by the Bankruptcy Court in no event later than fourteen (14) calendar days after the filing and service of such application.

**SQUIRE PATTON BOGGS (US) LLP**

Stephen D. Lerner
Elliot M. Smith
221 E. Fourth Street, Suite 2900
Cincinnati, Ohio 45202
Telephone: (513) 361-1200
Facsimile: (513) 361-1201

-and-

Nava Hazan
30 Rockefeller Plaza, 23rd Floor
New York, New York 10112
Telephone: (212) 872-9800
Facsimile: (212) 872-9815

**SQUIRE PATTON BOGGS (US) LLP**

Aaron A. Boschee (Colorado # 38675)
1801 California Street, Suite 4900
Denver, Colorado 80202
Telephone: (303) 830-1776
Facsimile: (302)  896-9239

*Counsel for the Debtors and Debtors in Possession*

3

## EXHIBIT C

**Voting Results**

4